William L. Harger and Helen Harger, James N. Harger and Sunbeam Coal Corporation, Appellants, v. Commonwealth of Pennsylvania, Department of Environmental Resources, Appellee.

Argued June 6, 1973, before President Judge Bow-man and Judges Crumlish, Jr., Kramer, Wilkinson, Jr., Mencer, Rogers and Blatt.

*Leo M. Stepanian,* with him *Brydon & Stepanian,* for appellants.

*John W. Carroll,* with him *Frank R. Clokey,* Special Assistant Attorney General, for appellee.

Opinion by Judge Wilkinson, July 24, 1973:

Appellant, Sunbeam Coal Corporation, is the lessee of a tract of land owned by appellants, William and Helen Harger, in Butler County. Appellants were granted a strip mine and mine drainage permit by the Department of Environmental Resources which prohibited the appellants from conducting surface mining

operations within 300 feet of any occupied dwelling. This restriction comports with Section 4.2(c) of the Surface Mining Conservation and Reclamation Act of November 30, 1971, P. L. 554, 52 P.S. §1396.4b(c), which, during the course of these proceedings, provided in pertinent part:[1] "(c) From the effective date of this act, as amended hereby, no operator shall open any pit for surface mining operations (other than borrow pits for highway construction purposes) . . . within three hundred feet of any occupied dwelling house, unless released by the owner thereof. . . . The secretary may, after notice and public hearing, grant operators exceptions to the distance requirements herein established where he is satisfied that special circumstances warrant such exceptions and that the interest of the public and landowners affected thereby will be adequately protected."

Appellants applied to the Secretary for an exception to permit surface mining within 300 feet of an occupied dwelling house. After a hearing, the requested exception was denied. Appellants then filed a petition to convene the State Mining Commission in the Court of Common Pleas of Butler County, pursuant to the Act of June 1, 1933, P. L. 1409, as amended, 52 P.S. §1501: "Whenever the Commonwealth has heretofore acquired or may hereafter acquire lands, easements or right of ways underlaid by mineable coal, the State Mining Commission created in accordance with the provisions of this act upon application of the Commonwealth, the county or the municipality within which such lands, easements or right of ways are situated or the owner of the coal underlying such lands, or the person entitled to remove the same in case the assessment of damages is desired . . . is hereby empowered to determine, author-

---

[1]The Act of December 28, 1972, P. L.    , No. 355, amending Section 4.2, altered several procedural matters, but did not remove the restriction on surface mining within 300 feet of a dwelling house.

ize, and direct the underlying or adjacent coal, if any, to be left in place for the purpose of furnishing vertical or lateral support to said land, easement or right of way. . . . This commission shall have exclusive jurisdiction of the mining of coal under lands, easements and right of ways purchased, condemned or otherwise acquired by the Commonwealth . . . to determine and assess damages, if any, for coal required by the said Commission to be left in place and benefits, if any, for improvements or betterments. . . ." When the petition was denied, this appeal was taken.

The statute gives the Commission exclusive jurisdiction of the mining of coal under "lands, easements and right of ways purchased, condemned or otherwise acquired by the Commonwealth," and to "determine and assess damages for the coal required to be left in place." *See Williams v. Department of Highways*, 423 Pa. 219, 223 A. 2d 865 (1966). Appellants argue that the restriction imposed by the Surface Mining and Reclamation Act has resulted in their property being "otherwise acquired" by the Commonwealth, and thus the Commission should be convened to assess damages.

The Legislature has declared, however, that the Surface Mining Conservation and Reclamation Act "shall be deemed to be an exercise of the police powers of the Commonwealth." Section 1, 52 P.S. §1396.1. Where the Commonwealth, through exercise of the police power, restricts the use of property, no compensation for diminution of use is payable. *See McCrady Case*, 399 Pa. 586, 160 A. 2d 715 (1960). It is clear, therefore, that the 300-foot restriction cannot be considered an acquisition of property by the Commonwealth, so as to require assessment of damages by the Mining Commission. If appellants had a remedy, it was to contest the validity of the restriction imposed under the police power through proper administrative procedures.

The order of the lower court dismissing the petition is affirmed.